## GRAY *v.* JOSSELYN

CONTRACTS—CONSTRUCTION—INSURANCE AGENTS.

> An insurance company entered into a five-year contract with a state agent, in which it was agreed that if, during the continuance of the contract, it should allow, "under similar circumstances and conditions," any other state agent compensation in excess of that fixed in such contract, he should be entitled to a like increase. *Held*, that similarity, not identity, of circumstances and conditions, was contemplated.

Error to Wayne; Hosmer, J. Submitted February 2, 1898. Decided May 10, 1898.

*Assumpsit* by Henry W. Gray, receiver of the United States Mutual Accident Association of New York, against Homer R. Josselyn, for money had and received. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Bowen, Douglas & Whiting*, for appellant.

*O. E. Angstman*, for appellee.

MOORE, J. The United States Mutual Accident Association of the State of New York was represented for many years by the defendant as its state agent. This company is now in process of liquidation. Mr. Gray was appointed by the supreme court of the State of New York as its receiver. He claimed that the defendant was indebted to the company for collections made by him, and sued him in justice's court, where judgment was obtained by plaintiff. An appeal was taken to the circuit court, where the learned judge directed a verdict in favor of defendant. Plaintiff brings the case here by writ of error.

It is the claim of the defendant that a receiver appointed in the State of New York has no power to bring suit in

this State.  A similar case was before the court in *Baldwin* v. *Wayne Circuit Judge*, 101 Mich. 133. We will not pass upon the question whether to allow this receiver to bring this action would contravene the rights of citizens of this State, because we think the learned judge rightly disposed of the case upon the other branch of it.

The judge instructed the jury as follows:

"At the time of the contract between the United States Mutual Accident Association and the defendant, the testimony shows it was contemplated by the parties thereto that some different rate of compensation greater than was expressed in the written agreement might be afterwards given to the agents occupying a like position with the defendant, and to guard against a continuance of the contract under those circumstances, inasmuch as it was a five-years contract, the following clause was inserted: 'If the first party, during the continuance of this contract, shall allow, under similar circumstances and conditions, any other state agent compensation in excess of the above, then the second party shall be entitled to a like increase.' Now, gentleman of the jury, it is obvious that there could not be another agent whose circumstances were identical; and similarity, rather than identity, must, of course, govern.  It becomes a difficult matter for the court, inasmuch as the similarity is not further defined, to say where the similarity ends and dissimilarity begins; but I am constrained to hold that in the case at bar the amount received by the agent Barrows should have been given to the defendant; and, this being so, the claim, I think, may properly be set off, it being in its nature a liquidated claim, that is susceptible of ascertainment by mere matter of computation; and the amount which he would be entitled to under this phase of the case would exceed the amount which is due, and in his hands, to the corporation."

There was testimony which showed that the state agent of this company at St. Louis, Mo., was allowed 5 per cent. more commissions on a class of risks than was· allowed defendant, and this amount would exceed the amount of money claimed to be in the hands of defendant, belonging to the company.  There was also testimony showing that the company allowed its state agents

at Boston pay for the office rent paid by them. This amount was much more than the amount retained by defendant. It is true that the services rendered by these several agents were not in all particulars identical, but we think the services were of a like character, rendered under similar circumstances and conditions, within the understanding of the parties and the meaning of the words used in the contract between the company and the defendant, and that a verdict for the defendant was properly directed.

Judgment is affirmed.

The other Justices concurred.